IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FREEDOM WIRELESS, INC.,

        Plaintiff,

   v.

ALLTEL CORPORATION, COMVERSE,
INC., VERISIGN, INC., ALLTEL
COMMUNICATIONS, INC., UNITED
STATES CELLULAR CORPORATION,
CRICKET COMMUNICATIONS, INC.,
E.N.M.R. TELEPHONE COOPERATIVE and
PLATEAU TELECOMMUNICATIONS, INC.
(d/b/a PLATEAU WIRELESS),

        Defendants.

Civil Action No. 2-06CV-504 (TJW)

**JURY TRIAL DEMANDED**

## SECOND AMENDED COMPLAINT

Paul F. Ware, P.C.
pware@goodwinprocter.com
John Kenneth Felter
jfelter@goodwinprocter.com
Elaine Herrmann Blais
eblais@goodwinprocter.com
Daniel M. Forman
dforman@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000 Tel.
(617) 523-1231 Fax


Date: December 10, 2007

## **INTRODUCTION**

Freedom Wireless, Inc. ("Freedom Wireless") is a development and technology company based in Phoenix, Arizona that owns patents on systems and methods for providing prepaid wireless telephone services.  As the term suggests, a subscriber of prepaid services pays in advance for a pre-determined amount of cellular use, whereas post-paid subscribers are billed periodically, typically monthly, for prior use.  Prepaid services have made cellular services available to millions of people with credit ratings too low to qualify for post-paid services or who cannot afford to pay substantial pre-installation cash deposits, as well as millions of people who want or must control telephone use expenditures, such as teenagers and college students, and business and government employees.  Freedom Wireless' patents claim a novel cellular system that enables prepaid services subscribers to both place and receive cellular calls without dialing access codes or using modified telephones.  As a result, prepaid services subscribers can now enjoy all the user-friendly services available to post-paid services subscribers.

Patents enjoy the same fundamental protections as real property.  Freedom Wireless, like any property owner, is entitled to insist that others respect its property and to demand payment from those who take Freedom Wireless' property for their own use.  Despite this fundamental principle, defendants Alltel Corporation ("Alltel"), Comverse, Inc. ("Comverse"), VeriSign, Inc. ("VeriSign"), Alltel Communications, Inc. ("Alltel Communications"), United States Cellular Corporation ("U.S. Cellular"), Cricket Communications, Inc. ("Cricket"), E.N.M.R. Telephone Cooperative ("ENMR") and Plateau Telecommunications, Inc. (d/b/a Plateau Wireless) ("Plateau Wireless") have built their prepaid wireless telephone systems on the use of Freedom Wireless' patents, knowing that their systems are covered by and infringing Freedom Wireless' patents. This action seeks to stop Alltel's, Comverse's, VeriSign's, Alltel Communications', U.S.

Cellular's, Cricket's, ENMR's and Plateau Wireless' taking of Freedom Wireless' property without payment.  Freedom Wireless brings this action seeking legal and equitable relief for Alltel's, Comverse's, VeriSign's, Alltel Communications', U.S. Cellular's, Cricket's, ENMR's and Plateau Wireless', past and continuing infringement of Freedom Wireless' patents.

## PARTIES

(1)     Plaintiff Freedom Wireless, Inc. ("Freedom Wireless") is a Nevada corporation with a principal place of business at 132 South Central Avenue, Phoenix, Arizona 85004.

(2)     Upon information and belief, defendant Alltel Corporation ("Alltel") is a Delaware corporation with its principal place of business at One Allied Drive, Little Rock, Arkansas 72202.

(3)     Upon information and belief, defendant Comverse, Inc. ("Comverse") is a Delaware corporation with its principal place of business at 100 Quannapowitt Parkway, Wakefield, Massachusetts 01880.

(4)     Upon information and belief, defendant VeriSign, Inc. ("VeriSign") is a Delaware corporation with its principal place of business at 487 East Middlefield Road, Mountain View, California 94043.

(5)     Upon information and belief, defendant Alltel Communications, Inc. ("Alltel Communications") is a Delaware corporation with its principal place of business at One Allied Drive, Building II, Fifth Floor, Little Rock, Arkansas 72202.

(6)     Upon information and belief, defendant United States Cellular Corporation ("U.S. Cellular") is a Delaware corporation with its principal place of business at 8410 West Bryn Mawr, Suite 700, Chicago, Illinois 60631.

(7)     Upon information and belief, defendant Cricket Communications, Inc. ("Cricket") is a Delaware corporation with its principal place of business at 10307 Pacific Center Court, San Diego, California 92121.

(8)     Upon information and belief, defendant E.N.M.R. Plateau Telephone Cooperative ("ENMR") is a New Mexico corporation with its principal place of business at 7111 North Prince Street, Clovis, New Mexico 88101.

(9)     Upon information and belief, defendant Plateau Telecommunications, Inc. (d/b/a Plateau Wireless) ("Plateau Wireless") is a New Mexico corporation with its principal place of business at 7111 North Prince Street, Clovis, New Mexico 88101.

## JURISDICTION AND VENUE

(10)    This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and, accordingly, subject matter jurisdiction of this Court exists under 28 U.S.C. §§ 1331 and 1338(a).

(11)    Venue is proper within this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTS

(12)    Douglas Fougnies, Chief Executive Officer of Freedom Wireless, and Larry L. Day, President of Freedom Wireless, are pioneers in the wireless telephone industry.  In 1987, Mr. Fougnies founded Cellexis International, Inc. ("Cellexis") which marketed, sold and distributed cellular telephone services and equipment to commercial and private markets.  Cellexis quickly became the top cellular sales and service company in the Southwest and the top agent in cellular airtime sales for Bell Atlantic Mobile.  After years of development and testing, Cellexis introduced a novel prepaid cellular service that enabled customers to purchase increments of

LIBA/1849148.2

airtime for any cellular telephone.  The prepaid system was the brainchild of Mr. Fougnies and

Dan Harned.  Mr. Fougnies was named *Inc. Magazine* 1995 Entrepreneur of the Year for

Arizona, in part, because of his conception of this novel prepaid system.  Working with Mr.

Harned, Mr. Fougnies solved the problems then confronting the nascent wireless telephone

services industry.  The solutions were described in the three (3) patents discussed in paragraph

(13) below.  Cellexis implemented and commercialized an embodiment of this invention,

initially providing services to over twenty thousand (20,000) subscribers.  Subsequently, Mr.

Fougnies founded Freedom Wireless.  Freedom Wireless has been exploring and developing

technologies in the wireless telephone industry in collaboration with other companies and

entrepreneurs.

(13)    Freedom Wireless is the assignee of the following issued United States Patents: United

States Patent No. 5,722,067 ("'067 patent"), entitled "Security Cellular Telecommunications

System," which was duly issued by the U. S. Patent and Trademark Office ("Patent Office") on

February 24, 1998; United States Patent No. 6,157,823 ("'823 Patent"), entitled "Security

Cellular Telecommunications System," which was duly issued by the Patent Office on December

5, 2000; and United States Patent No. 6,236,851 ("'851 Patent"), entitled "Prepaid Security

Cellular Telecommunications System," which was duly issued by the Patent Office on May 22,

2001.  The claims of the '067, '823 and '851 Patents are presumed valid under 35 U.S.C. § 282.

(14)    Upon information and belief, Alltel and/or Alltel Communications makes, uses, offers to

sell, or sells within the United States (including its territories or possessions) or supplies or

causes to be supplied in or from the United States, products, methods or services relating to

prepaid wireless telephone services to subscribers.  Alltel's and/or Alltel Communications'

platform for supplying these products, methods or services is or was based on systems or

services supplied to Alltel and/or Alltel Communications by prepaid service providers, including, but not limited to, Comverse and VeriSign.

(15)    Upon information and belief, U.S. Cellular makes, uses, offers to sell, or sells within the United States (including its territories or possessions) or supplies or causes to be supplied in or from the United States, products, methods or services relating to prepaid wireless telephone services to subscribers.  U.S. Cellular's platform for supplying these products, methods or services is based on systems or services supplied to U.S. Cellular by prepaid service providers, including, but not limited to, VeriSign.

(16)    Upon information and belief, Cricket makes, uses, offers to sell, or sells within the United States (including its territories or possessions) or supplies or causes to be supplied in or from the United States, products, methods or services relating to prepaid wireless telephone services to subscribers.  Cricket's platform for supplying these products, methods or services is or was based on systems or services supplied to Cricket by prepaid service providers, including, but not limited to, VeriSign.

(17)    Upon information and belief, ENMR and/or Plateau Wireless makes, uses, offers to sell, or sells within the United States (including its territories or possessions) or supplies or causes to be supplied in or from the United States, products, methods or services relating to prepaid wireless telephone services to subscribers.  ENMR's and/or Plateau Wireless' platform for supplying these products, methods or services is based on systems or services supplied to ENMR and/or Plateau Wireless by prepaid service providers, including, but not limited to, VeriSign.

(18)    Upon information and belief, Comverse makes, uses, offers to sell, or sells within the United States (including its territories or possessions) or supplies or causes to be supplied in or

-6-

from the United States, products, methods or services relating to supplying prepaid wireless telephone services to carriers, including, but not limited to, Alltel and/or Alltel Communications.

(19)    Upon information and belief, VeriSign makes, uses, offers to sell, or sells within the United States (including its territories or possessions) or supplies or causes to be supplied in or from the United States, products, methods or services relating to supplying prepaid wireless telephone services to telecommunications companies, including, but not limited to, Alltel and/or Alltel Communications, Comverse, U.S. Cellular, Cricket and ENMR and/or Plateau Wireless.

(20)    Upon information and belief, Alltel and/or Alltel Communications owns and operates retail stores nationwide that market, demonstrate, use and sell products and methods that infringe various claims of the '851 Patent and operates equipment in a manner that infringes various claims of the '067 and '823 Patents.

(21)    Upon information and belief, Cricket owns and operates retail stores nationwide that market, demonstrate, use and sell products and methods that infringe various claims of the '851 Patent and operates equipment in a manner that infringes various claims of the '067 and '823 Patents.

## COUNT I: INFRINGEMENT OF THE '067 PATENT

(22)    Freedom Wireless incorporates and realleges the allegations contained in paragraphs (1) through (21) of its Second Amended Complaint as though fully set forth herein.

(23)    Upon information and belief, Alltel's, Comverse's, VeriSign's, Alltel Communications', U.S. Cellular's, Cricket's, ENMR's and Plateau Wireless', individual and/or joint activities with respect to at least products, methods, services and/or systems described in paragraphs (14) through (21) of this Second Amended Complaint have infringed and continue to infringe the

LIBA/1849148.2

'067 Patent under any of 35 U.S.C. §§ 271(a), (b) or (c), either directly or by the doctrine of equivalents.

(24)    Upon information and belief, the infringing acts by Alltel, Comverse, VeriSign, Alltel Communications, U.S. Cellular, Cricket, ENMR and Plateau Wireless, of manufacturing, using, selling, importing and/or offering for sale, at least the products, methods, services and/or systems described in paragraphs (14) through (21) of this Second Amended Complaint, and claimed in the '067 Patent, have occurred throughout the United States, including within this judicial district.

(25)    Upon information and belief, Alltel, Comverse, VeriSign, Alltel Communications, U.S. Cellular, Cricket, ENMR and Plateau Wireless, will continue to infringe the '067 Patent unless enjoined by this Court.

(26)    Upon information and belief, Alltel's, Comverse's, VeriSign's, Alltel Communications' and U.S. Cellular's infringement of the '067 Patent is, has been, and continues to be willful and deliberate, and without regard for Freedom Wireless' property rights in the '067 Patent.

(27)    As a direct and proximate result of Alltel's, Comverse's, VeriSign's, Alltel Communications', U.S. Cellular's, Cricket's, ENMR's and Plateau Wireless' infringement or willful infringement of the '067 Patent, Freedom Wireless has been damaged to an extent not yet determined.

(28)    Freedom Wireless is entitled to monetary damages adequate to compensate it for the infringement; increased damages under 35 U.S.C. § 284, together with interest, costs and attorneys' fees; and is entitled to injunctive relief enjoining Alltel, Comverse, VeriSign, Alltel Communications, U.S. Cellular, Cricket, ENMR and Plateau Wireless from further infringement of the '067 Patent.

## COUNT II: INFRINGEMENT OF THE '823 PATENT

(29)    Freedom Wireless incorporates and realleges the allegations contained in paragraphs (1)

through (28) of its Second Amended Complaint as though fully set forth herein.

(30)    Upon information and belief, Alltel's, Comverse's, VeriSign's, Alltel Communications',

U.S. Cellular's, Cricket's, ENMR's and Plateau Wireless' individual and/or joint activities with

respect to at least products, methods, services and/or systems described in paragraphs (14)

through (21) of this Second Amended Complaint have infringed and continue to infringe the

'823 Patent under any of 35 U.S.C. §§ 271(a), (b) or (c), either directly or by the doctrine of

equivalents.

(31)    Upon information and belief, the infringing acts by Alltel, Comverse, VeriSign, Alltel

Communications, U.S. Cellular, Cricket, ENMR and Plateau Wireless of manufacturing, using,

selling, importing and/or offering for sale, at least the products, methods, services and/or systems

described in paragraphs (14) through (21) of this Second Amended Complaint, and claimed in

the '823 Patent, have occurred throughout the United States, including within this judicial

district.

(32)    Upon information and belief, Alltel, Comverse, VeriSign, Alltel Communications, U.S.

Cellular, Cricket, ENMR and Plateau Wireless will continue to infringe the '823 Patent unless

enjoined by this Court.

(33)    Upon information and belief, Alltel's, Comverse's, VeriSign's, Alltel Communications',

and U.S. Cellular's infringement of the '823 Patent is, has been, and continues to be willful and

deliberate, and without regard for Freedom Wireless' property rights in the '823 Patent.

(34)    As a direct and proximate result of Alltel's, Comverse's, VeriSign's, Alltel

Communications', U.S. Cellular's, Cricket's, ENMR's and Plateau Wireless' infringement or

LIBA/1849148.2

willful infringement of the '823 Patent, Freedom Wireless has been damaged to an extent not yet determined.

(35)   Freedom Wireless is entitled to monetary damages adequate to compensate it for the infringement; increased damages under 35 U.S.C. § 284, together with interest, costs and attorneys' fees; and is entitled to injunctive relief enjoining Alltel, Comverse, VeriSign, Alltel Communications, U.S. Cellular, Cricket, ENMR and Plateau Wireless from further infringement of the '823 Patent.

## COUNT III: INFRINGEMENT OF THE '851 PATENT

(36)   Freedom Wireless incorporates and realleges the allegations contained in paragraphs (1) through (35) of its Second Amended Complaint as though fully set forth herein.

(37)   Upon information and belief, Alltel's, Comverse's, VeriSign's, Alltel Communications' and Cricket's individual and/or joint activities with respect to at least the products, methods, services and/or systems described in paragraphs (14) through (21) of this Second Amended Complaint have infringed and continue to infringe the '851 Patent under any of 35 U.S.C. §§ 271(a), (b) or (c), either directly or by the doctrine of equivalents.

(38)   Upon information and belief, the infringing acts by Alltel, Comverse, VeriSign, Alltel Communications and Cricket of manufacturing, using, selling, importing and/or offering for sale, at least the products, methods, services and/or systems described in paragraphs (14) through (21) of this Second Amended Complaint, and claimed in the '851 Patent, have occurred throughout the United States, including within this judicial district.

(39)   Upon information and belief, Alltel, Comverse, VeriSign, Alltel Communications and Cricket will continue to infringe the '851 Patent unless enjoined by this Court.

(40)     Upon information and belief, Alltel's, Comverse's, VeriSign's and Alltel

Communications' infringement of the '851 Patent is, has been, and continues to be willful and

deliberate, and without regard for Freedom Wireless' property rights in the '851 Patent.

(41)     As a direct and proximate result of Alltel's, Comverse's, VeriSign's, Alltel

Communications' and Cricket's infringement or willful infringement of the '851 Patent,

Freedom Wireless has been damaged to an extent not yet determined.

(42)     Freedom Wireless is entitled to monetary damages adequate to compensate it for the

infringement; increased damages under 35 U.S.C. § 284, together with interest, costs and

attorneys' fees; and is entitled to injunctive relief enjoining Alltel, Comverse, VeriSign, Alltel

Communications and Cricket from further infringement of the '851 Patent.

## PRAYERS FOR RELIEF

WHEREFORE, Freedom Wireless requests all legal and equitable relief as may be

recoverable for the foregoing offenses, including:

(a)     a judgment that Alltel, Comverse, VeriSign, Alltel Communications, U.S.
Cellular, Cricket, ENMR and Plateau Wireless individually and/or jointly,
infringe the claims of the '067, '823 and/or '851 Patents;

(a)     an injunction enjoining Alltel, Comverse, VeriSign, Alltel Communications, U.S.
Cellular, Cricket, ENMR and Plateau Wireless and those in active concert or
participation with them, from individually and/or jointly infringing the '067, '823
and/or '851 Patents;

(b)     an accounting for damages arising from the infringement of the '067, '823 and/or
'851 Patents by Alltel, Comverse, VeriSign, Alltel Communications, U.S.
Cellular, Cricket, ENMR and Plateau Wireless and those in privity with them;

(c)     an award of damages adequate to compensate Freedom Wireless for the infringement of the '067, '823 and/or '851 Patents, in no event less than a reasonable royalty, together with prejudgment and post-judgment interest thereon, and costs fixed by the Court, as provided by 35 U.S.C. § 284;

(d)     a judgment that the infringement of the '067, '823 and/or '851 Patents was and is willful, and an award to Freedom Wireless of increased damages in accordance with 35 U.S.C. § 284;

(e)     a declaration that this is an exceptional case and that Freedom Wireless be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and

(f)     a grant to Freedom Wireless of any such other relief as the Court may deem just, equitable or proper.

## DEMAND FOR JURY TRIAL

Freedom Wireless demands a trial by jury for all claims and issues triable by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

Dated:  December 10, 2007

/s/ John Kenneth Felter
Paul F. Ware, P.C.
pware@goodwinprocter.com
John Kenneth Felter
jfelter@goodwinprocter.com
Elaine Herrmann Blais
eblais@goodwinprocter.com
Daniel M. Forman
dforman@goodwinprocter.com
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000 Tel.
(617) 523-1231 Fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Second Amended Complaint was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 10th day of December 2007.

By:  /s/ John Kenneth Felter_____
John Kenneth Felter

LIBA/1849148.2

LIBA/1849148.2