IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FREEDOM WIRELESS, INC.,

        Plaintiff,

    v.

ALLTEL CORPORATION, COMVERSE,
INC., VERISIGN, INC., ALLTEL
COMMUNICATIONS, INC., UNITED
STATES CELLULAR CORPORATION,
CRICKET COMMUNICATIONS, INC.,
E.N.M.R. TELEPHONE COOPERATIVE and
PLATEAU TELECOMMUNICATIONS, INC.
(d/b/a PLATEAU WIRELESS),

        Defendants.

Civil Action No. 2-06-CV-504 (TJW)(CE)

**JURY TRIAL DEMANDED**

## STIPULATION OF DISMISSAL WITHOUT PREJUDICE OF COMPLAINT AGAINST E.N.M.R. TELEPHONE COOPERATIVE AND PLATEAU TELECOMMUNICATIONS, INC. (D/B/A PLATEAU WIRELESS)

Plaintiff Freedom Wireless, Inc. ("Freedom Wireless") hereby stipulates to dismiss without prejudice the Second Amended Complaint in the above-captioned action against defendants E.N.M.R. Telephone Cooperative ("E.N.M.R.") and Plateau Telecommunications, Inc. (d/b/a Plateau Wireless) ("Plateau") only.  This action will continue against all other defendants, Alltel Corporation, Comverse, Inc., Alltel Communications, Inc., United States Cellular Corporation and Cricket Communications, Inc.  It is further stipulated by Freedom Wireless, E.N.M.R. and Plateau, subject to and without waiving E.N.M.R.'s and Plateau's objection to venue in this District in this or any other action against them, that this dismissal is without prejudice and subject to the following conditions:

(1)      E.N.M.R. and Plateau stipulate that they and their corporate parents, subsidiaries and affiliates will accept service of all requests for discovery permitted under the Federal Rules

of Civil Procedure and/or the Local Rules of the Eastern District of Texas, including subpoenas for trial and deposition testimony, as if they were parties to the above-captioned action, and will not make any objections to discovery requests or trial subpoenas based on their non-party status; provided, however, that (a) all other objections are preserved, (b) Freedom Wireless agrees to depose E.N.M.R.'s and Plateau's witnesses in a mutually convenient location in the states of their principal places of business or residences, and (c) whether or not a court in this District is involved in ruling on such objections or otherwise presiding over discovery, E.N.M.R. and Plateau will not be deemed to have submitted to venue in this District for purposes of any action against them.

(2)     E.N.M.R. and Plateau stipulate that all claims against them, their corporate parents, subsidiaries, affiliates, successors and/or assigns based on the patents-in-suit are tolled for all purposes, including but not limited to those set forth below in this paragraph, as of December 10, 2007, the date of the filing of the Second Amended Complaint, which named them as defendants.  E.N.M.R. and Plateau stipulate that this tolling agreement shall have the effect of (a) tolling the running of the damages period specified in 35 U.S.C. § 286 so that the relevant period for damages extends to six years prior to the December 10, 2007 filing of the Second Amended Complaint; and (b) tolling the running of any applicable Statutes of Limitation; and (c) limiting the application of laches, estoppel or any other doctrines barring suit, to those available on December 10, 2007.

(3)     The tolling agreement stipulated to in paragraph (2) shall extend until one-hundred eighty (180) days after the termination of the above-captioned action, including any and all appeals periods (including to the United States Supreme Court) and while any such appeals are pending.

LIBA/1862698.1

(4)     E.N.M.R. and Plateau stipulate that this dismissal is without prejudice to Freedom Wireless' right in the future to assert claims against them; provided, however, that Freedom Wireless agrees to refrain from asserting the tolled claims until after the termination of the above-captioned action (including any and all appeals periods and while any such appeals are pending), if at all.

(5)     E.N.M.R. and Plateau stipulate that they will not file a declaratory judgment action that includes any claims concerning the patents-in-suit against Freedom Wireless in the period during which the tolling agreement described in paragraphs (2) and (3) applies.

(6)     The caption of this action should be amended to eliminate E.N.M.R. Telephone Cooperative and Plateau Telecommunications, Inc. (d/b/a Plateau Wireless) as defendants.

A proposed order of dismissal without prejudice with the foregoing stipulated conditions is filed herewith.

SO STIPULATED:

Dated: February 14, 2008

By /s/ John Kenneth Felter

Paul F. Ware, P.C.
pware@goodwinprocter.com
John Kenneth Felter
jfelter@goodwinprocter.com
Elaine Herrmann Blais
eblais@goodwinprocter.com
Daniel M. Forman
dforman@goodwinprocter.com
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000 Tel.
(617) 523-1231 Fax

ATTORNEYS FOR PLAINTIFF
FREEDOM WIRELESS, INC.

By: /s/ Scott W. Breedlove

Scott W. Breedlove
Lead Attorney
Texas Bar No. 00790361
sbreedlove@velaw.com
Vinson & Elkins LLP
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201-2975
Telephone: 214.220.7700
Facsimile: 214.220.7716

David K. Wooten
Texas Bar No. 24033477
dwooten@velaw.com
Vinson & Elkins LLP
2500 First City Tower
1001 Fannin Street
2001 Ross Avenue
Houston, TX 77002
Telephone: 713.758.2095
Facsimile: 713.615.5936

ATTORNEYS FOR DEFENDANTS
E.N.M.R. PLATEAU TELEPHONE
COOPERATIVE AND PLATEAU
TELECOMMUNICATIONS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 14th day of February, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

By:  /s/ John Kenneth Felter

LIBA/1862698.1