**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| FREEDOM WIRELESS, INC., | § | |
| | § | |
| vs. | § | CASE NO. 2:06-CV-504-TJW-CE |
| | § | |
| ALLTEL CORP. ET AL. | § | |
| | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Pursuant to the provisions of that section, the undersigned makes the following report and recommendation that Cricket Communications, Inc.'s ("Cricket") Consolidated Motion to Sever and Stay, or in the Alternative, to Transfer (#170) be denied. This order memorializes the Court's ruling made during the Markman hearing on July 2, 2008.

In the instant action, the Plaintiff, Freedom Wireless, Inc. ("Freedom"), filed its initial complaint on November 30, 2006 against Alltel Corp., Comverse, Inc., and VeriSign, Inc., accusing them of infringing U.S. Patent Nos. 5,722,067 ("the '067 patent"), 6,157,823 ("the '823 patent"), and 6,236,851 ("the '851 patent"). Freedom then filed its first amended complaint on September 14, 2007, joining Alltel Communications. Freedom then filed its second amended complaint on December 10, 2007, joining Cricket.[1]

---

[1] The original deadline to join additional parties was November 5, 2007. Doc. No. 104, Docket Control Order. Freedom then filed two, consecutive unopposed motions extending the time

In its Consolidated Motion to Sever and Stay, or in the Alternative, to Transfer, Cricket claims that it would suffer excessive prejudice by having to remain on the current schedule. Unquestionably, whether or not to sever a party from an action is committed to the sound discretion of the court. *Applewhite v. Reichold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). In exercising such discretion, the court should determine if Freedom misjoined Cricket or such joinder would otherwise cause delay or prejudice to Cricket. *See id.* Any such analysis should be determined on a case-by-case basis. *Id*. In the present case, the Court has given the parties adequate time to come to an agreement on a joint trial schedule; indeed, the parties submitted an Unopposed Motion to Modify Certain Deadlines in the Docket Control Order, which this Court adopted on August 27, 2008. Given the schedule set by the court and the parties' subsequent agreements, the Court determines that any prejudice previously claimed by Cricket has been ameliorated. As such, Cricket's Consolidated Motion to Sever and Stay, or in the Alternative, to Transfer, should be denied.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglas v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

---

to join additional parties, first to November 26, 2007, and then finally to December 10, 2007, both of which the Court adopted. Doc. Nos. 102 & 112.

SIGNED this 5th day of September, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

SIGNED this 5th day of September, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE