IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FREEDOM WIRELESS, INC.        §
                             §
vs.                          §        CASE NO. 2:06-CV-504-TJW-CE
                             §
ALLTEL CORPORATION, ET AL.   §

## ORDER

Before the Court are the parties' motions in limine.  The Court's orders on the various

motions are detailed herein.

### Freedom Wireless' Motions *In Limine*

1.   Motion in Limine To Preclude Defendants from Arguing To the Jury that Freedom
     Wireless Lacks Complete Legal Title to the Patents-in-Suit, And To Exclude Any
     Evidence, Testimony or Reference Concerning Orbital Sciences Corporation's Claims of
     Ownership of the Patents-in-Suit.
     GRANTED.

2.   Motion in Limine to Exclude Reference to Motions In Limine.
     GRANTED

3.   Motion in Limine to Exclude Requests for Stipulation and Documents.
     GRANTED.

4.   Motion in Limine to Exclude Reference to Document Production or Missing Documents.
     GRANTED.

5.   Motion in Limine to Exclude Reference to Claims of Privilege.
     GRANTED.

6.   Motion in Limine to Exclude Reference to Privileged Subject Matter.
     GRANTED

7.   Motion in Limine to Exclude Any Reference to Objections During the Playing of
     Deposition Testimony.
     GRANTED.

8.   Motion in Limine to Exclude Mentioning Any Compromise or Offers To Compromise in
     This Case.

GRANTED.

9. Motion in Limine to Exclude the Nature of Any Fact Witness's Preparation with its Own Counsel for Trial or for Deposition Testimony with That Witness's Counsel.
GRANTED.

10. Motion in Limine to Exclude The Nature of Any Expert Witness's Preparation for Trial or for Deposition Testimony with That Witness's Counsel.
GRANTED.

11. Motion in Limine to Prohibit Defendants From Referencing the Amount of Money That They Have Spent on This Case.
GRANTED.

12. Motion in Limine to Exclude the Fact Of Filing The Case In The Marshall Division Of The Eastern District Of Texas, That The Eastern District Is A Popular Venue For Patent Holders Or Any Similar Comment, Inference Or Suggestion
GRANTED.

13. Motion in Limine to Preclude Defendants from Referring to Freedom Wireless as a Patent Troll, or Making Similar Disparaging Comments about its Business.
GRANTED-IN-PART; however, Defendant is entitled to show the extent of Plaintiff's business.

14. Motion in Limine To Exclude Various Ancillary, Irrelevant and Prejudicial Evidence Concerning Freedom Wireless and is Employees or Officers.

    (a) Co-Inventor Douglas Fougnies' Expunged Misdemeanor
    GRANTED.

    (b) The 1996 Litigation and Settlement between Cellexis International and GTE Corporation.
    GRANTED.

    (c) Non-Party Freedom Strategic Partners LLC ("FSP")
    DENIED as to FSP; GRANTED as to *Kline* Complaint.

    (d) Motion in Limine to Exclude any Testimony, Evidence, or Argument Regarding Taping by Freedom's Officers of Their Conversations with Certain Third Parties
    GRANTED.

    (e) Motion to Exclude Any Evidence or Testimony Insinuating that Freedom Officers Shot at or Burglarized Ted Rich's Home or Burned Down His Business
    GRANTED.

(f)     Motion in limine to preclude the introduction of evidence, testimony or reference to Freedom Wireless, Inc.'s license negotiations with Glenayre Electronics, Inc. GRANTED to the extent that Defendant may not refer to any bad character traits of a predecessor-in-interest.

15.   Motion in Limine to Exclude Any Argument That The Invention Consists Of Or Is Defined By Something Other Than The Claims At Issue, The Markman Construction and The Ordinary Meaning Of A Word Found In The Claims.
GRANTED.

16.   Defendants Should Be Precluded from Referencing Patents of the Defendants Covering the Claimed Inventions and/or Prepaid Wireless Technology.
DENIED-IN-PART; Defendants may reference their own patents to rebut a charge of willfulness.

17.   Motion in Limine To Preclude Cricket and the Other Defendants From Admitting Any Evidence Concerning Francis J. Harding or the 2003 Motion from Freedom Wireless I, and to Preclude Cricket's "Equitable Estoppel" Theory.
GRANTED.

18.   Motion in Limine to Exclude Any Evidence, Testimony or Reference to Defendants' Claims of Inequitable Conduct.
GRANTED.

19.   Motion in Limine to Exclude the Cominex Application from Evidence at Trial.
DENIED.

20.   Motion in Limine to Exclude Any Allegations that Any Asserted Claim is Anticipated or Rendered Obvious by Collections or Combinations of Documents or Systems That Do Not Constitute a Single Reference.

(a)     The Cominex System (or the "Cominex Invention)
DENIED.

(b)     The Ericsson System
DENIED.

(c)     The Ericsson SIM Calling Card Materials
DENIED.

(d)     The "Houston Cellular System"
DENIED.

(e)     The "VSI System".
DENIED.

21.     Motion in Limine to Exclude all Alleged "Offers for Sale" Not Taking Place More than
        One Year before December 23, 1994, the filing date of the '067, '823 Patents, or '851
        patents, or Not Taking Place "In This Country."

        (a)     Cominex Promotional Materials
                DENIED.

        (b)     Supposed Offers for Sale Concerning the "Ericsson System" or Ericsson's
                SIM/Calling Card Service
                DENIED.

22.     Motion In Limine To Exclude Particular Ericsson-Related Materials That Are Not Prior
        Art

        (a)     The Ericsson SIM/Calling Card Materials Are Not Prior Art
                DENIED.

        (b)     The Ericsson AXE I.N. Service Script Concept Survey Course and Materials
                DENIED.

        (c)     The Ericsson SSP Course and Materials
                DENIED.

        (d)     The Hentila '649 Patent is Not Prior Art
                DENIED.

        (e)     The Smith 5,995,822 Patent
                DENIED.

23.     Motion in Limine to Preclude Ericsson or Any Other Party From Offering Additional
        Testimony about the Ericsson System Beyond What its Rule 30(b)(6) Witness Testified
        to In His Deposition.
        DENIED.

24.     Motion in Limine to Exclude Testimony That The "Houston Cellular System" Is Prior
        Art to the '067 and '823 Patents.
        DENIED.

25.     Motion in Limine to Exclude The Shaw '987 Patent Application As Not Prior Art.
        DENIED.

26.     Motion in Limine To Exclude the "VST System" As Not Prior Art to the '067 and '823
        Patents.
        DENIED.

27. Defendants Should Be Precluded From Introducing Into Evidence Undated, Unsigned, Unauthenticated Printouts Regarding the Cominex System and Application.
GRANTED for purposes of voir dire. The Court will make a specific ruling on this motion in connection with the evidentiary hearing to be held on January 14, 2009.

28. Motion Limine to Preclude Defendants and their Invalidity Expert, Mark Lanning, from Making Conclusory Obviousness Combinations.
DENIED.

29. Motion in Limine to Limit the Number of References and Specific Combinations Relied Upon by Defendants' Invalidity Expert, Mark Lanning
DENIED-IN-PART; Plaintiffs are to limit their asserted claims to 8 and notify Defendants of such claims by December 29, 2008. Upon receipt of claims, Defendants are to notify Plaintiff by January 2, 2009 of the 5 prior art references they intend to rely on at trial. Should Defendants determine they need more than 5 prior art references, they are to file a motion with the Court.

30. Motion in Limine to Preclude Defendants from Making Previously-Undisclosed Invalidity Arguments

    (a) The Court Should Strike Defendants' Arguments Based on Untimely Prior Art.
    GRANTED for purposes of voir dire. The Court will make a specific ruling on this motion in connection with the evidentiary hearing to be held on January 14, 2009.

    (b) The Court Should Strike Defendants' Inventorship Invalidity Defense.
    DENIED.

31. Motion in Limine to Exclude Late-Disclosed Documents and Witnesses Relating to Peter Zuyus Sr., and/or to the VST System or Switch.
GRANTED.

32. Motion in Limine to Exclude Any Evidence, Testimony or Reference to the Installment Sale Agreement between Cellexis International, Inc. and Freedom Wireless, Inc. or the Purchase Price of $750,000.
DENIED.

33. Motion in Limine to Exclude Any Evidence, Testimony or Reference to the Income of Freedom Wireless or any of Freedom Wireless's officers, shareholders, employees and former employees, including without limitation disputes concerning compensation.
DENIED.

34. Motion in Limine to Exclude Any Evidence, Testimony or Reference to the Goldscheider Report, including any testimony from Robert Goldscheider or Jeffrey Malinak.
DENIED.

35.   Motion in Limine to Exclude Any Evidence or Argument Concerning Indemnification Provisions.
DENIED.

36.   Motion in Limine to Exclude Any Argument That Prepaid Wireless Carriers Do Not Take Licenses Based on their own Revenue or Subscriber Metrics.
DENIED.

37.   Motion in Limine  to exclude any opinion or argument concerning an alleged non-infringing alternatives where the advantages and disadvantages of said alternative, including associated costs, were not opined upon.
DENIED.

38.   Motion in Limine to Strike the Designations to Prior Deposition Testimony for Witnesses Who were Re-Deposed in the Current Litigation.
DENIED.

39.   Any Evidence, Testimony or Reference to Defendants' Affirmative Defense of Laches
GRANTED-IN-PART; Defendants may establish the length of time between the Plaintiff's knowledge of their systems and the date of filing suit.

40.   Motion in Limine to Exclude Defendants' Theory of "Best Mode."
DENIED.

41.   Motion in Limine to Strike Portions of Defendants' Non-Infringement Expert Reports.

    (a)   Defendants' Experts are Improperly Relying Upon Rejected Arguments Concerning The Meaning Of The Terms "Pre-Paid Wireless Service Provider," "Pre-Paid Switching System."
GRANTED for purposes of voir dire.  The Court will make a specific ruling on this motion in connection with the evidentiary hearing to be held on January 14, 2009.

    (b)   The Expert's Opinions that the Accused Systems Lack Switches that Receive and Forward the Voice Data of Calls and thus Do Not Infringe Under the Reverse Doctrine Of Equivalents are Also a Disguised Form of Improper Claim Construction and Should Be Stricken
DENIED.

    (c)   Mr. Lanning's Attempts to Apply the "Reverse Doctrine Of Equivalents" to Other Claim Limitations Also is Improper.
DENIED.

    (d)   Cricket's Expert is Relying Upon Additional Constructions of Various Terms in the '067, '823 and '851 Patent that Were Not Adopted by the Court.

GRANTED for purposes of voir dire. The Court will make a specific ruling on this motion in connection with the evidentiary hearing to be held on January 14, 2009.

(e)   Cricket's Expert Adds Additional Requirements to the Court's Construction of "User-Input that "Represents a Specific Predetermined Level of Credit." GRANTED for purposes of voir dire. The Court will make a specific ruling on this motion in connection with the evidentiary hearing to be held on January 14, 2009.

42.   Motion in Limine to Exclude Evidence of Civil Case Involving Dr. Levine (One of Freedom's Technical Experts). GRANTED

43.   Motion to Preclude Defendants from Offering Evidence Concerning Dan Harned's Religious Beliefs. GRANTED.

## Defendants' Omnibus Motions *in Limine*

1.   Plaintiff Should Be Precluded from Offering Evidence of Other Adverse Proceedings Against Defendants. GRANTED

2.   Plaintiff Should be Precluded from Presenting Damages Evidence Premised on Defendants' Sale of Accused Products Outside the Section 287 Damages Period and Continued Servicing of Those Products. DENIED.

3.   Plaintiff Should be Precluded from Offering Evidence of BCGI Jury Verdict. GRANTED for purposes of voir dire. The Court will make a specific ruling on this motion in connection with the evidentiary hearing to be held on January 14, 2009.

4.   Plaintiff Should Be Precluded from Offering Evidence of Settlement Discussions Between Plaintiff and Defendants in the '504 and '505 Cases At Any Time GRANTED.

5.   Plaintiff Should Be Precluded from Arguing that Defendants' Choice Not To Assert Advice of Counsel as a Defense to Willfulness Suggests that Defendants Willfully Infringed the Asserted Claims. DENIED; Plaintiff may establish whether Defendants obtained an opinion of counsel.

6.   Plaintiff Should Be Precluded from Referring to the "Presumption of Validity." DENIED.

7.    Plaintiff Should Be Precluded from Alleging That Cellexis' Business Failure Was Caused By an Industry Conspiracy to Refuse Interconnection.
      DENIED.

8.    Plaintiff Should Be Precluded from Offering Photocopies of Unwitnessed Documents and Uncorroborated Testimony Purporting To Establish a Pre-Filing Date of Conception.
      DENIED.

9.    Plaintiff Should Be Precluded from Offering Evidence of the Religious Beliefs of the Named Inventors.
      GRANTED.

10.   Plaintiff Should Be Precluded From Offering Evidence of Litigation-Induced Licensing Agreements As Evidence of the Value of the Patents-in-Suit.
      GRANTED.

11.   Plaintiff Should Be Precluded from Offering Testimony, Evidence or Argument Subject to Defendants' Daubert Motions on the Parr Report.
      GRANTED for purposes of voir dire.  The Court will make a specific ruling on this motion in connection with the evidentiary hearing to be held on January 14, 2009.

**Comverse's Motions in Limine**

1.    Plaintiff Freedom Wireless, Inc. ("Plaintiff"), Plaintiff's counsel, and all of Plaintiff's witnesses should be precluded from offering evidence of or relating to an alleged hypothetical negotiation date with Alltel prior to March 3, 2005 in determining a reasonable royalty rate as to Comverse, either in voir dire or at any time during trial.
      DENIED.

**Cricket's Motions in Limine**

1.    Evidence of Leap's Financial Restatements and Related Lawsuits Should Be Excluded.
      GRANTED as to lawsuits; DENIED as to restatements.

2.    Plaintiff Should be Precluded from Offering Evidence of Infringement under the Doctrine of Equivalents.
      GRANTED for purposes of voir dire.  The Court will make a specific ruling on this motion in connection with the evidentiary hearing to be held on January 14, 2009.

3.    Plaintiff Should be Precluded from Offering Expert Testimony Outside the Scope of its Expert Reports.
      DENIED.

**Alltel's Motions in Limine**

1.  Alltel requests that the Court preclude Plaintiff, Plaintiff's counsel, and all of Plaintiff's witnesses from mentioning, referring to, or offering any evidence relating to the deposition testimony of Sherry Fallon within the hearing of any member of the jury panel, either in voir dire or at any time during trial.
    DENIED.

2.  Alltel requests that the Court preclude Plaintiff, Plaintiff's counsel, and all of Plaintiff's witnesses from mentioning, referring to, or offering any evidence relating to the lawsuit styled *Freedom Wireless, Inc. v. Boston Communications Group, Inc.*, Civil Action No. 00-CV-12234-EFH (D. Mass) (the "BCGI Litigation") within the hearing of any member of the jury panel, either in voir dire or at any time during trial.
    GRANTED for purposes of voir dire.

3.  Alltel requests that the Court preclude Plaintiff, Plaintiff's counsel, and all of Plaintiff's witnesses from mentioning, referring to, or offering any evidence relating to claims brought by Plaintiff in other cases within the hearing of any member of the jury panel, either in voir dire or at any time during trial.
    GRANTED.

4.  Alltel requests that the Court preclude Plaintiff, Plaintiff's counsel, and all of Plaintiff's witnesses from mentioning, referring to, or offering any evidence relating to Alltel's acquisition of Western Wireless, Inc. within the hearing of any member of the jury panel, either in voir dire or at any time during trial.
    DENIED.

5.  Alltel requests that the Court preclude Plaintiff, Plaintiff's counsel, and all of Plaintiff's witnesses from mentioning, referring to, or offering any evidence relating to any of the previous settlement agreements and/or licensing agreements of the patents-in-suit within the hearing of any member of the jury panel, either in voir dire or at any time during trial.
    GRANTED-IN-PART; Plaintiff may use license agreements unrelated to litigation to prove reasonable royalty.

6.  Alltel requests that the Court preclude Plaintiff, Plaintiff's counsel, and all of Plaintiff's witnesses from mentioning, referring to, or offering any evidence relating to a joint infringement theory of the '851 Patent between Alltel and InComm within the hearing of any member of the jury panel, either in voir dire or at any time during trial.
    DENIED.

7.  Alltel requests that the Court preclude Plaintiff, Plaintiff's counsel, and all of Plaintiff's witnesses from mentioning, referring to, or offering any evidence relating to InComm prepaid "receipts" within the hearing of any member of the jury panel, either in voir dire or at any time during trial.
    DENIED.

8.  Alltel requests that the Court preclude Plaintiff, Plaintiff's counsel, and all of Plaintiff's witnesses from mentioning, referring to, or offering any evidence against Alltel prior to

9

January 2006 within the hearing of any member of the jury panel, either in voir dire or at any time during trial.
DENIED.

9.    Alltel requests that the Court preclude Plaintiff, Plaintiff's counsel, and all of Plaintiff's witnesses from mentioning, referring to, or offering any evidence relating to any date of hypothetical negotiation with Alltel prior to January 2006 within the hearing of any member of the jury panel, either in voir dire or at any time during trial.
DENIED

10.   Alltel requests that the Court preclude Plaintiff, Plaintiff's counsel, and all of Plaintiff's witnesses from mentioning, referring to, or offering any evidence relating to Alltel as separate defendants with separate liability and/or double liability within the hearing of any member of the jury panel, either in voir dire or at any time during trial.
DENIED.

11.   Alltel requests that the Court preclude Plaintiff, Plaintiff's counsel, and all of Plaintiff's witnesses from mentioning, referring to, or offering any evidence relating to Comverse, Inc.'s ("Comverse") Electronic Top-Up System within the hearing of any member of the jury panel, either in voir dire or at any time during trial.
DENIED.

SIGNED this 5th day of January, 2009

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE